UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN DANIEL ALVAREZ FARFAN,

               Petitioner,

      v.

ROBERT BROWN, *Warden, Metropolitan Detention Center*; JUDITH ALMODOVAR, *New York Field Office Director for U.S. Immigration and Customs Enforcement*; TODD BLANCHE, *Attorney General of the United States*; MARKWAYNE MULLIN, *Secretary of Homeland Security*,

               Respondents.

**ORDER GRANTING
PETITION
FOR WRIT OF HABEAS
CORPUS**
26-CV-4906 (NRM)

**NINA R. MORRISON**, United States District Judge:

Petitioner Juan Daniel Alvarez Farfan is a foreign national who entered the United States in 2022. On July 28, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") in front of his home, while he was on his way to work. He was eventually transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he is presently detained — after being previously detained at Delaney Hall in Newark, New Jersey.

On August 11, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his immediate release from detention. In particular, he alleges that ICE arrested him without a warrant and only issued an I-200 warrant after his arrest. *Id.* ¶ 24. He further contends: "At the time that Petitioner was arrested, no Notice to Appear had been issued to Petitioner,

1

and he had no pending immigration proceedings or immigration court dates. On information and belief, Petitioner had had no prior interaction with [United States Citizenship and Immigration Services ("USCIS")] or ICE (other than the unlawful arrest that is the subject of this Petition)." *Id.* ¶ 25. After his arrest, Petitioner was issued a Notice to Appear in immigration court and scheduled for a master calendar hearing on August 12, 2026. *Id.* ¶ 29.

The case was assigned to the undersigned on August 12, 2026, at which time the Court issued an Order to Show Cause, ECF No. 5, directing Respondents to file, by 12:00 P.M. on August 14, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM) , 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026). The Court further directed that, if Respondents asserted no basis to distinguish this Petition from *H.A.C.F.*, the submission could take the form of a letter so stating, and indicating whether Respondents continue to oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal.

Respondents filed their initial submission on August 14, 2026, indicating that Petitioner was initially detained by ICE pursuant to 8 U.S.C. § 1226(a), and that "ICE made a custodial determination . . . that Petitioner was a flight risk" the day of his

2

arrest.  ECF No. 8 at 2.  Petitioner was arrested during a field operation "targeting a person other than Petitioner," and ICE approached Petitioner because he "bore a resemblance to their intended target."  *Id.*  They do not provide any specific information about the field operation's intended target, nor do they state the basis for ICE's determination as to Petitioner's purported "resemblance."  Respondents also submit that, at least upon information and belief, Petitioner is a Mexican[1] national who voluntarily returned to Mexico after initially entering the United States on December 7, 2022, and that he subsequently re-entered the country "at an undetermined date, time, and place."  *Id.*  According to an attached declaration by Acting Supervisory Detention and Deportation Officer Ross Cowan ("Cowan Decl."), Petitioner's master calendar hearing has been rescheduled from August 12, 2026 to September 2, 2026.  Cowan Decl. ¶ 19, ECF No. 8-1.

Respondents concede that, while they respectfully disagree with this Court's holding in *H.A.C.F,* which required that persons such as Petitioner be afforded an individualized, pre-detention custody determination before a neutral magistrate, they agree that Petitioner's case is not, for present purposes, meaningfully distinguishable from *H.A.C.F*, and submit that "this case can be decided without further briefing."[2]  ECF No. 8 at 3.

The Court agrees.  Here, Respondents have not alleged that they provided

---

[1] Respondents acknowledge that they lack documentation establishing Petitioner's true nationality or citizenship.  ECF No. 8 at 1 n.1.

[2] Respondents acknowledge this "while preserving all rights, including their right to appeal."  ECF No. 8 at 3.

Petitioner with a *pre*-detention bond hearing before a neutral magistrate, which this Court found in *H.A.C.F.* and *Hyppolite v. Noem*, 808 F. Supp. 3d 474 (E.D.N.Y. 2025) is required for persons similarly situated to Petitioner. "Specifically, § 1226(a)'s implementing regulations require an individualized determination as to whether the detention of a noncitizen is appropriate after considering whether the noncitizen (1) is a 'danger to property or persons' and (2) is 'likely to appear for any future proceeding.'" *Hyppolite*, 808 F. Supp. 3d at 491 (quoting 8 C.F.R. § 1236.1(c)(8)); *see also Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8–9 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493–95 (S.D.N.Y. Aug. 13, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *12 (N.D. Cal. Sep. 12, 2025); *cf. Cunha*, 2026 WL 1146044, at *22 n.11 (noting that "Section 1226(a) requires" "an initial bond determination").

Even assuming, *arguendo*, that in some circumstances, a post-detention bond hearing before an immigration judge or other neutral magistrate would be sufficient to provide an ICE detainee with the process that he is due, there is no indication in Respondents' submission that Petitioner has been provided with such a hearing at any time since his arrest three weeks ago — and his master calendar hearing will not be held until September 2, 2026 at the earliest. In addition, while Respondents have stated in their response that Petitioner was provided with an "initial custody determination interview" on the day of his arrest, *see* Cowan Decl. ¶ 9, they have not provided any documentation of what transpired, nor any further information about who conducted the interview, what procedures were used, what specific information

4

was relied upon to determine that Petitioner should be detained as a flight risk, whether Petitioner was given adequate notice and an opportunity to be heard, or any other information that would be relevant to determining whether the hearing afforded to him was, in fact, adequate under 8 U.S.C. § 1226(a) and the Due Process Clause.

Accordingly, as it did in *H.A.C.F.* and *Hyppolite*, the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due process, because Petitioner had been continuously residing within the United States prior to his arrest, and he was therefore entitled to a pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite*, 808 F. Supp. 3d at 490–95.

Finally, the Court has also weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

5

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 10:00 A.M. on Saturday, August 15, 2026.**

In light of the fact that Petitioner is presently being held at MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 12:00 P.M. on the same date (August 15, 2026)**, confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated:      August 14, 2026
            Brooklyn, New York